JUNE (E. S.)                    WEST's EX'X. VS. HYLAND.

Where a *ca. sa.* is returned *cepi,* and the plaintiff does not proceed to enforce the writ by having the defendant committed, defaulting the sheriff, or having it entered not called, it does not preclude the plaintiff from taking out a new *ca. sa.*

THIS was a *ca. sa.* issued on a judgment affirmed in this court on an appeal from *Somerset* County Court. The defendant was taken in execution under this *ca. sa.* and appeared in court in the custody of the sheriff.

*J. Bayly,* for the Defendant, moved the court for a rule on the plaintiff to show cause why the writ of *ca. sa.* in this case ought not to be quashed, upon the ground that the defendant had been taken in execution under a *ca. sa.* issued by the plaintiff upon the same judgment, returnable to the last term of this court, which *ca. sa.* was returned by the sheriff, endorsed *cepi,* and to which the defendant appeared in this court at the return day of the writ, but the plaintiff did not move the court to have the defendant committed, nor did he call on the sheriff to bring into court the body of the defendant, nor did he do any thing therein, but that *ca. sa.* stands open upon the docket of the court under the sheriff's return of *cepi,* and the present *ca. sa.* is a renewal of the said former writ. He contended, that the defendant was released from the debt, by the plaintiff's neglect to enforce the former *ca. sa.* by defaulting the sheriff, committing the defendant to the custody of the sheriff, or having the *ca. sa.* entered *not called* with the consent of the defendant; and that he could not be again taken in execution under a new *ca. sa.* whilst the former stood under a *cepi,* and not acted upon.

*Martin,* and *W. B. Martin,* against the rule.

CHASE. Ch. J. delivered the opinion of the court to the following effect (a.) That the return of *cepi* to the former

(a) BUCHANAN, NICHOLSON and EARLE, J. concurred.

ca. sa. and the plaintiff not proceeding to enforce that writ by having the defendant committed, defaulting the sheriff, or an entry of not called, did not preclude the plaintiff from again taking out a new ca. sa.